UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Criminal Action No. 5: 22-026-DCR |
| Plaintiff/Respondent, | ) | and |
| | ) | Civil Action No. 5: 25-380-DCR |
| V. | ) | |
| | ) | |
| KEON LAMONT LEE, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant/Movant. | ) | |

**\*\*\*   \*\*\*   \*\*\*   \*\*\***

Defendant/Movant Keon Lamont Lee was indicted for conspiring to distribute cocaine in violation of 21 U.S.C. § 846 (Count I); distribution of cocaine in violation of 21 U.S.C. § 841(a)(1) (Counts II and VI); distribution of fentanyl, the use of which resulted in the overdose death of F.E., in violation of 21 U.S.C. § 841(a)(l) and (b)(l)(C) (Count III); and distribution of fentanyl in violation of 21 U.S.C. 21 U.S.C. § 841(a)(l) (Counts IV and V).  [Record No. 1] Lee pleaded guilty to distributing fentanyl that resulted in an overdose death (Count III) on the second day of trial.  [Records Nos. 55, 56] However, he later moved to withdraw his plea, claiming that he did not understand that he would be unable to challenge his guilt and sentence on appeal.  [Record No. 74] The undersigned denied that motion.  [Record No. 76]

Lee was sentenced to 480 months of imprisonment to be followed by four years of supervised release.  [Record No. 79] Although he appealed the denial of his motion to withdraw his guilty plea, the United States Court of Appeals for the Sixth Circuit affirmed this Court's determinations, finding no abuse of discretion.  *United States v. Lee*, No. 23-5584, 2024 WL 991870 (6th Cir. Mar. 7, 2024), cert. denied, 145 S. Ct. 231, 220 L. Ed. 2d 62 (2024).

- 1 -

Lee now asks the Court to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [Record No. 95] This motion will be denied for the reasons set forth below.

## I.

To prevail on a § 2255 claim, the movant bears the burden of showing: (1) the conviction resulted from an error of constitutional magnitude; (2) the sentence was imposed outside the statutory limits; or (3) an error of fact or law occurred that was so fundamental as to render the entire proceeding invalid. *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003). If the movant alleges a constitutional error, he must establish that the error "had a substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993)). And for a non-constitutional error, the movant must establish "a fundamental defect which inherently results in a complete miscarriage of justice . . . an error so egregious that it amounts to a violation of due process." *Id.* (citing *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990)). This demanding standard requires exceptional circumstances to justify relief and indicates that not every alleged error of law can be raised in a § 2255 petition. *Snider v. United States*, 908 F.3d 183, 189 (6th Cir. 2018). Further, a § 2255 movant bears the burden of proving his or her allegations by a preponderance of the evidence. *McQueen v. United States*, 58 F. App'x 73, 76 (6th Cir. 2003) (per curiam).

## II.

Lee first argues that he was "[s]entenced under erroneous guidelines." [Record No. 95-1] Specifically, he contends that the Court should have applied a base offense level of 38 rather than 43 in calculating his guideline range under the relevant United States Sentencing Guidelines ("U.S.S.G."). [*Id.* at 2] He appears to reason that the Court should not have applied

a base offense level of 43 because the government did not file a notice pursuant to 21 U.S.C. § 851. [*Id.*] The United States argues in response that Lee's claim is not cognizable under § 2255. [Record No. 98 at 2–4] Additionally, it contends that the claim fails of the merits because the Court correctly calculated the guideline range and the absence of a § 851 notice had no effect on the base offense level. [*Id.* at 2]

Alleged errors in the application of the sentencing guidelines ordinarily are not cognizable in § 2255 motions. *Grant v. United States*, 72 F.3d 503, 506 (6th Cir. 1996). To obtain relief for a non-constitutional error, as Lee argues here, he "must establish a fundamental defect which inherently results in a complete miscarriage of justice or an error so egregious that it amounts to a violation of due process." *Watson*, 165 F.3d at 488. As the Sixth Circuit has explained, to satisfy this demanding standard, a movant "typically must 'prove that he is either actually innocent of his crime or that a prior conviction used to enhance his sentence has been vacated.'" *Bullard v. United States*, 937 F.3d 654, 658 (6th Cir. 2019) (quoting *Spencer v. United States*, 773 F.3d 1132, 1139 (11th Cir. 2014)). And Lee's argument, related to the advisory guideline, does neither.

But even if this claim was cognizable under § 2255, Lee's argument fail on the merits. Lee correctly observes that the § 851 notice did not apply to Count Three. [*See* Record No. 95-1 at 2–3 and Record No. 18.] However, the absence of the § 851 notice had no effect on the calculation of Lee's sentencing guideline. As the United States correctly notes, had it included Count Three in the § 851 notice, Lee would have faced a mandatory sentence of life imprisonment. [Record No. 98 at 2] The Presentence Investigation Report ("PSR") provides

that the applicable guidelines for offenses under 21 U.S.C. § 841(a)(1) is U.S.S.G. §2D1.1.[1] [PSR ¶ 12]   Under U.S.S.G. § 2D1.1(a)(1), the base offense level is 43 because Lee was convicted under 21 U.S.C. § 841(b)(1)(C) and the offense of conviction establishes that a death resulted from the use of the substance and that the defendant committed the offense after one or more prior convictions for a similar offense.  [*Id.*]   Again, the United States correctly explains that the application of U.S.S.G. § 2D1.1(a)(1) does not require the filing of a § 851 notice.  [*See* Record No. 98 at 3 (citing *United States v. Johnson*, 706 F.3d 728, 732 (6th Cir. 2013)).]

Lee does not dispute that his offense qualified under U.S.S.G. § 2D1.1(a)(1), he merely notes the absence of a § 851 notice.  That omission, however, does not affect the guidelines calculation Lee received.  Accordingly, Lee's arguments in support of his first ground for relief fail.

Next, Lee asserts a purported "*Burrage* violation" as his second ground for relief.[2] [Record No. 95-1 at 3–4]  He appears to argue that the government failed to prove the elements necessary to support the sentence enhancement under § 841(b)(1)(C), effectively claiming actual innocence.  [*Id.*]  Lee further contends that, during his plea, he admitted only that the substance he distributed "subsequently" led to F.E.'s death, rather than admitting the statutory required "resulted from" causation.  [*Id.* at 4]

---

[1] All guideline references and citations are to the 2021 Guidelines Manual which applied at the time of Lee's sentencing.  *See* PSR ¶ 11.

[2] *See Burrage v. United States*, 571 U.S. 204, 218 (2014) ("at least where use of the drug distributed by the defendant is not an independently sufficient cause of the victim's death or serious bodily injury, a defendant cannot be liable under the penalty enhancement provision of 21 U.S.C. § 841(b)(1)(C) unless such use is a but-for cause of the death or injury.").

- 4 -

The United States responds that this claim fails because it is not cognizable under § 2255 and because it lacks merit.  [Record No. 98 at 4–5] And as the government correctly contends, a free-standing claim of actual innocence is not cognizable under § 2255 and is subject to dismissal.  [*Id.* at 4 (citing *Avery v. United States*, No. 17-5473, 2017 WL 9248941, at *3 (6th Cir. Nov. 13, 2017) (citing *Cress v. Palmer*, 484 F.3d 844, 854 (6th Cir. 2007).))] To establish actual innocence, a movant must "persuade[ ] the district court that, in light of ... new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1928 (2013) (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)).

Here, Lee presents no new evidence of innocence.  Instead, he argues only that he is *legally* innocent of the offense.  *See Bousley v. United* States, 523 U.S. 614, 623 (1998) (noting that "'actual innocence' means factual innocence, not mere legal insufficiency").  Moreover, given the evidence and Lee's own admissions, he fails to show that no reasonable juror would have convicted.  [*See* Record No. 73.]  *See Lee*, 2024 WL 991870, at *1 (noting "compelling evidence of Lee's guilt").

Lee's second claim also fails on the merits.  Although he states that he admitted only that the fentanyl he distributed "subsequently" led to F.E.'s death—and not that it was a but-for cause—this assertion is contradicted by the record.  [*See* Record No. 95-1 at 4.]  The plea colloquy reflects that Lee expressly admitted but-for causation, responding "Yes, Your Honor," when asked, "Do you also acknowledge that [F.E.] would not have died but for the use of that fentanyl that you distributed?"  [Record No. 73 at 14–15] His later attempts to recant this admission are not made in good faith.  [Record No. 85 at 23] Lee's continued efforts to undermine his sworn statements provide no basis for relief.  *See Blackledge v. Allison*, 431

U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal.").

## III.

When the Court denies relief under § 2255, it must decide whether to issue a Certificate of Appealability. *See* Rule 11 of the Rules Governing § 2255 Proceedings; 28 U.S.C. § 2253(c)(1)(B). A Certificate of Appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To warrant a grant of the certificate, the movant must show that reasonable jurists could debate whether the motion should have been resolved differently or that the issues involved "deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Lee has not made a substantial showing of the denial of a constitutional right, and reasonable jurists would not debate whether his motion should have been resolved differently.

## IV.

Based on the foregoing analysis and discussion, it is hereby

**ORDERED** as follows:

1.     Defendant/Movant Lee's motion under 28 U.S.C. § 2255 [Record No. 95] is **DENIED**.

2.     The claims raised in this collateral proceeding are **DISMISSED** with prejudice and **STRICKEN** from the docket.

3.     A Certificate of Appealability will not issue regarding either of the defendant/movant's claims.

Dated:  January 20, 2026.



Danny C. Reeves, District Judge
United States District Court
Eastern District of Kentucky